98 F.3d 1358
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re BBC INTERNATIONAL, INC., K-Mart Corporation, Meldisco
H.C., Inc., and Miles Meldisco K-M Washington
Ave., Wisc., Inc., Petitioners.
 Misc. Nos. 484, 485.
 United States Court of Appeals, Federal Circuit.
 Oct. 4, 1996.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 This matter concerns two petitions for writs of mandamus and a motion to stay a trial that is scheduled to commence on Monday, October 7, 1996. The United States Court of Appeals for the Seventh Circuit ordered that the matter be transferred to this court on October 1, 1996[1] and the court received the papers from the parties on October 3, 1996.
 
 
 2
 BBC International, Inc., K-Mart Corporation, Meldisco H.C, Inc., and Miles Meldisco K-M Washington Ave., Inc. (BBC) petition for a writ of mandamus to direct the United States District Court for the Western District of Wisconsin to transfer the patent infringement action brought in that court by Orlaford, Limited to the United States District Court for the Southern District of New York.[2] BBC submits a second petition for a writ of mandamus to direct the United States District Court for the Western District of Wisconsin to vacate (1) a June 28, 1996 order directing BBC International, Inc. to appear for a deposition and (2) an August 14, 1996 order granting Orlaford leave to file a second amended complaint and granting Orlaford a protective order that prevented BBC from taking the depositions of Orlaford's counsel. BBC moves for an emergency stay of proceedings in the Wisconsin district court pending this court's resolution of the petitions for writs of mandamus. The United States District Court for the Western District of Wisconsin submits a response to the first petition. Orlaford submits responses to both the first and second petitions. Orlaford moves for sanctions against BBC on the ground that the second petition is frivolous.
 
 BACKGROUND
 
 3
 The first petition stems from BBC's motion to have Orlaford's patent infringement action transferred to the New York district court "for the convenience of the parties and witnesses, [and] in the interest of justice...." See 28 U.S.C. § 1404(a). The Wisconsin district court denied BBC's motion and its motion for reconsideration, stating that transfer pursuant to section 1404(a) was "both legally unavailable and factually unjustified." The district court noted that the matter was time-sensitive and that the possibility of further delay was an important consideration in assessing the interest of justice. BBC now petitions this court for a writ of mandamus to direct the Wisconsin district court to transfer the case to the New York district court.
 
 
 4
 The second petition concerns two orders issued by the Wisconsin district court. On June 28, 1996, Orlaford moved for an emergency order compelling BBC International, Inc. to attend a deposition noticed for July 1, 1996. The district court granted the motion on June 28, 1996.[3] On August 12, 1996, Orlaford moved for a protective order preventing the scheduled depositions of its counsel. By separate motion, Orlaford moved for leave to file a second amended complaint adding an additional party plaintiff, an additional party defendant, and a cause of action for breach of contract. BBC requested an adjournment of the motions, which Orlaford opposed. After a hearing by telephone on August 14, 1996, the district court granted Orlaford's motions for a protective order and for leave to file a second amended complaint. BBC petitions this court for a writ of mandamus to direct the district court to vacate those orders on the ground that BBC was not given the requisite notice and opportunity to respond to Orlaford's motions.
 
 DISCUSSION
 
 5
 "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The remedy of mandamus is available to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chem., 449 U.S. at 35. When a matter is committed to the discretion of the trial court, it cannot be said that a litigant's right to a particular result is clear and indisputable. Id. at 36 (citing Will v. Calvert Fire Ins. Co., 437 U.S. 655, 666 (1978) (plurality opinion)).
 
 
 6
 We consider first BBC's petition concerning the transfer of the patent infringement action. Section 1404(a) of 28 U.S.G. provides:
 
 
 7
 For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
 
 
 8
 BBC argues that New York is a more convenient forum for at least thirty-eight of the forty witnesses identified by the parties and that Wisconsin's only connections with the action are Orlaford's counsel, an expert witness for Orlaford, and a "peripheral" defendant that has its principal place of business in Wisconsin. Thus, BBC contends that the district court committed a clear abuse of discretion by denying its motion for transfer. Orlaford responds that BBC has not met the high standard for the issuance of a writ of mandamus. The district court, which also responded to the mandamus petition, asserts that the mere listing of a large number of witnesses by a party is not a persuasive reason for granting a change of venue without some evidence as to their necessity. The district court states that there is nothing in the record to indicate the importance of the witnesses' testimony and that it appears likely that much of the testimony would be cumulative. The district court notes that eleven of the witnesses identified by BBC are from Hong Kong and that those witnesses are not within the subpoena power of either the Wisconsin or New York district courts.
 
 
 9
 The decision whether to transfer a case is left to the sound discretion of the district court. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). We have noted that the remedy of mandamus is "strong medicine" and that a case may not be appropriate for mandamus "even though on normal review, a court might find reversible error." In re Cordis Corp., 769 F.3d 733, 737 (Fed.Cir.1985). In this case, the district court exercised its discretion to determine that venue was proper in Wisconsin and that the factors delineated in section 1404(a) did not support transfer to New York. Particularly in view of the Supreme Court's admonition in Allied Chemical that discretionary rulings will rarely be appropriate for review by mandamus, we conclude that BBC has failed to show a clear and indisputable right to the relief requested. See Allied Chem., 449 U.S. at 36. Thus, we decline to issue a writ with regard to BBC's first petition.
 
 
 10
 We now turn to the issues raised in BBC's second petition. BBC contends that it was denied procedural due process because the district court failed to comply with the requirements of Fed.R.Civ.P. 6(d) in issuing its June 28, 1996 and August 14, 1996 orders. Rule 6(d) provides, in pertinent part:
 
 
 11
 A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application....
 
 
 12
 BBC argues that the district court deprived it of the opportunity to be heard when the court granted Orlaford's June 28, 1996 motion on the same day that it was filed. BBC argues further that the court's August 14, 1996 order did not satisfy the requirements of Rule 6(d) because BBC's lead counsel did not receive copies of Orlaford's motions by mail until August 12, 1996. Orlaford responds that BBC has not demonstrated that it has no other means of attaining the relief desired. With respect to the August 14, 1996 order, Orlaford points out that the district court entered a notice on August 9, 1996 that the hearing on Orlaford's motions would be held on August 14. Finally, Orlaford asserts that Rule 6(d) permits the district court to shorten the time for service of a motion.
 
 
 13
 We determine that BBC is not entitled to mandamus. Again, to prevail on a mandamus petition, BBC must convince us that its entitlement to a writ is "clear and indisputable." While BBC's arguments are not entirely without merit, BBC falls short of meeting this burden. Even assuming that the district court erred procedurally in some way, BBC has not demonstrated that the error is reversible error or deserving of interlocutory review by mandamus. Further, it appears that BBC has other means of obtaining the relief it seeks, e.g., BBC may challenge on appeal the district court's order granting monetary sanctions for failure to comply with the June 28, 1996 order. Thus, we conclude that review by mandamus of BBC's second petition is not warranted. Allied Chem., 449 U.S. at 35.
 
 
 14
 Accordingly,
 
 IT IS ORDERED THAT:
 
 15
 (1) BBC's petition for a writ of mandamus concerning the transfer of Orlaford's action is denied.
 
 
 16
 (2) BBC's petition for a writ of mandamus concerning the district court's June 28, 1996 and August 14, 1996 orders is denied.
 
 
 17
 (3) BBC's motion to stay proceedings pending resolution of the mandamus petitions is moot.
 
 
 18
 (4) Orlaford's motion for sanctions is denied.
 
 
 
 [1]
 The Seventh Circuit transferred on the ground that it would lack jurisdiction over an appeal from the district court's final decision and thus lacked jurisdiction to consider the petitions for writs of mandamus
 
 
 [2]
 The case is styled in the district court as Orlaford, Ltd. v. K-Mart Corporation, no. 96-C-058-S
 
 
 [3]
 BBC failed to appear at the July 1, 1996 deposition, and Orlaford's resulting motion for sanctions was granted on July 10, 1996. BBC was subsequently required to pay monetary sanctions of approximately $13,000